UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven R. Redd,                                              Case No. 3:14-cv-955

                Plaintiff

              v.                                              MEMORANDUM OPINION
                                                        AND ORDER
Sandra Corpe, et al.,

                Defendants

      Plaintiff *pro se* Steven R. Redd, an inmate at the North Central Correctional Complex, brings this 42 U.S.C. § 1983 action against Defendants Lucas County Court of Common Pleas Court Reporters Sandra Corpe and Lynette Shindorf. The Complaint alleges the Defendants intentionally provided inaccurate transcripts of Plaintiff's 1994 criminal trial and related suppression hearing, thereby making meaningful review of his aggravated murder and aggravated robbery convictions impossible. He asserts violation of his rights to due process and equal protection, for which he seeks monetary relief.

      A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, if the court concludes the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, 205 F.3d 1341 (6th Cir. 2000) (unpublished table decision).

      A complaint seeking relief under § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Preiser v. Rodriguez*,

411 U.S. 475, 501 (1973). In other words, when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Id.* Plaintiff's assertion the transcript in his case was falsified essentially seeks to challenge his convictions and incarceration. That challenge must be via habeas corpus. *Cf. Scruggs v. Moellering*, 870 F.2d 376, 379 (7th Cir. 1989) (suit alleging falsification of trial transcript was improper use of the civil rights statute).

Further, taking notice of the Court's own records, it is evident that Mr. Redd was provided copies of his transcripts in 2003 in connection with a habeas corpus action he filed in 2003. *Redd v. Konteh*, N.D. Ohio Case No. 3:03 CV 7147. The two-year statute of limitations for bringing a § 1983 claim against Defendants has thus long expired. *See Browning v. Pendleton*, 869 F. 2d 989 (6th Cir. 1989). Therefore, even if Plaintiff had otherwise stated a valid claim, there would be no purpose in allowing this matter to go forward, in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, 166 F.3d 1213, at *1 (6th Cir. 1998) (unpublished table decision) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action had expired); *see also Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. 1998) (unpublished table decision), *cert. denied*, 525 U.S. 857 (1998) (*sua sponte* dismissal appropriate where claim barred by statute of limitations).

Accordingly, this action is dismissed under § 1915A. I certify an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So ordered.

    s/Jeffrey J. Helmick
United States District Judge